# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MR. CAROLOS MUHAMMAD** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **GOV. RENDELL, et al.** | : | **NO. 14-4817** |

FILED
SEP - 3 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**JONES, II J.**                                                            **SEPTEMBER 2 , 2014**

Plaintiff Carlos Muhammad, a prisoner at the State Correctional Institution at Somerset, brings this civil rights action based on allegations that he is illegally imprisoned on a parole violation. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I. FACTS

On August 28, 2008, plaintiff was arrested for violating his parole after his domestic partner claimed he had assaulted her. After a hearing, at which plaintiff was represented by counsel, the Pennsylvania Board of Probation and Parole ("Board") concluded that plaintiff violated his parole, and recommitted him to prison. The decision was affirmed on appeal. Plaintiff subsequently submitted a notarized letter to the Board in which his partner claimed to have falsely accused plaintiff of the assault. However, the Board did not take any action in light of the letter, and plaintiff remains incarcerated under the Board's decision. Although he sought reparole on two occasions, the Board denied parole on both occasions. It appears that the second denial took place on April 7, 2011.

1

Based on those allegations, plaintiff asserts constitutional claims pursuant to 28 U.S.C. §§ 1983, 1985 & 1986 and 18 U.S.C. §§ 241 & 242, against Former Governor Rendell, Governor Corbett, Mayor Michael Nutter, District Attorney Seth Williams, Police Commissioner Charles H. Ramsey, the "Sheriff Department," and "Parole Agents & PBPP." He primarily claims that the proceedings resulting in the revocation of his parole failed to comport with the constitution in several respects and that his current imprisonment is unconstitutional. He seeks immediate release from prison, millions of dollars in damages, a declaration that his rights have been violated, and the initiation of criminal charges against the defendants.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir.

2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

To the extent plaintiff is bringing claims under 18 U.S.C. §§ 241 & 242, and seeking the initiation of criminal charges against the defendants, his claims are dismissed as legally frivolous because those criminal statutes are "inapplicable" to this civil suit and because plaintiff has no right to the initiation of criminal proceedings against another. *See Bullard v. Bureau of Unemployment and Allowances*, 516 F. App'x 111, 112 n.3 (3d Cir. 2013) (per curiam); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings.").

Plaintiff's claims challenging the constitutionality of his imprisonment are not cognizable in a civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, to the extent plaintiff seeks release from imprisonment, his claims are legally frivolous.

Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). That principle holds true for claims based on parole revocation decisions, *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006), and claims brought under §§ 1985 & 1986. *See Zhai v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam). Here, it is apparent from the complaint and publicly available records that plaintiff has been unsuccessful in his efforts to attack the Board's parole revocation decision and his related sentence. *See Muhammad v. Rozum*, E.D. Pa. Civ. A. No. 11-7261 (Document Nos. 17 & 20). As plaintiff's constitutional challenges to the Board's decision and his related imprisonment would necessarily imply the invalidity of the Board's not-yet-invalidated ruling, those claims are not cognizable.

Assuming that plaintiff raises any claims that are cognizable in a civil rights action, those claims are barred by the statute of limitations. A two-year statute of limitations applies to plaintiff's § 1983 and § 1985 claims, while a one-year limitations period applies to his § 1986 claims. *See* 42 U.S.C. § 1986; 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79-80 (3d Cir. 1989). Any claims related to plaintiff's arrest accrued in 2008, and any remaining cognizable claims accrued by April of 2011.[1] As plaintiff did not file this action until August of 2014, his claims are untimely.[2] In any event, it appears that the majority of the defendants were not personally involved in the alleged

---

[1] The complaint suggests that plaintiff was denied reparole on two occasions, the latter denial occurring on April 7, 2011. (Compl. ¶ 16 ("By a decision recorded on April 7, 2011 the Board *again* refused plaintiff for reparole . . . (emphasis added)).) A *habeas* petition that plaintiff filed in this district based on the same events giving rise to this case confirms that plaintiff was denied reparole on March 7, 2010 and April 7, 2011. *See Muhammad v. Rozum*, E.D. Pa. Civ. A. No. 11-7261 (Document No. 17, at 4).

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint does not reflect when plaintiff delivered it for mailing, but it is dated August 12, 2014, and was received by the Court on August 15, 2014.

violation of plaintiff's rights and that plaintiff named them as defendants solely due to their supervisory positions in Government—an inappropriate basis for liability in a civil rights actions. *See Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Furthermore, the Board is absolutely immune from plaintiff's claims, *see Spuck v. Pa. Bd. of Prob. & Parole*, 563 F. App'x 156, 158 (3d Cir. 2014) (per curiam); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)), as are any Board members who plaintiff sought to sue based on their decisions in his case. *See Keller v. PA Bd. of Prob. & Parole*, 240 F. App'x 477, 480 (3d Cir. 2007) (per curiam).

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice as legally frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will not be given leave to file an amended complaint because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

5